

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE LUIS SIERRA HERNANDEZ<br><br>Petitioner,<br><br>v.<br><br>KRISTI NOEM, in her official capacity as Secretary of Homeland Security; et al.,<br><br>Respondents. | Case No.: 26cv1218-LL-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 1] |

Before the Court is Petitioner Jose Luis Sierra Hernandez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF No. 1 ("Pet.")], alleging that he is a member of the Bond Eligible Class of *Maldonado Bautista v. Noem*, No. 25cv1873-SSS-BFM (C.D. Cal.), who is deemed to be detained under 8 U.S.C. § 1226(a) and eligible for a bond hearing. Pet. ¶¶ 29–33. He seeks a writ of habeas corpus directing Respondents to release him or, alternatively, to provide him with a bond hearing under 8 U.S.C. § 1226(a). *Id.* at 8–9.

Respondents filed a Response in which they acknowledge that Petitioner is detained under 8 U.S.C. § 1226(a) and entitled to an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a). ECF No. 4.

/ / /

26cv1218-LL-VET

The Court finds Petitioner is wrongfully detained under 8 U.S.C. § 1225(b). As a noncitizen who, at the time of his detention, had been present in the United States for more than twenty years, Petitioner was and is subject to 8 U.S.C. § 1226(a), which states that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." Pet. ¶¶ 6, 21; 8 U.S.C. § 1226(a). By contrast, 8 U.S.C § 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4–7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)," while § 1226(a) allows the government to "detain certain aliens *already in the county* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added). The Court adopts its reasoning stated in *Beltran v. Noem* on this issue. *Id.* at *4–7.

Accordingly, the Court **ORDERS** as follows:

1.    Petitioner's Petition for Writ of Habeas Corpus is **GRANTED**.[1]

2.    Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order.

    a.    At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

    b.    The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

---

[1] Iin the Petition's prayer for relief [Pet. at 9], Petitioner requests attorney's fees under the Equal Access to Justice Act, which the Court **DENIES without prejudice**.

2

26cv1218-LL-VET

c.    Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

3.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  April 22, 2026

_____
Honorable Linda Lopez
United States District Judge

3

26cv1218-LL-VET